UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| GATE PETROLEUM COMPANY, a Florida corporation, Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:25-cv-00199-WGY-MCR |
| INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, an Illinois corporation, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a Delaware corporation, EVANSTON INSURANCE COMPANY, an Illinois corporation, ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation, THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, a Delaware corporation, and HALLMARK SPECIALTY INSURANCE COMPANY, an Oklahoma corporation, Defendants. | ) | |

YOUNG, D.J.[1] July 20, 2026

**ORDER**

The motion Endurance and Interstate for judgment on the pleadings, ECF No. 146, is denied without prejudice on the following terms:

Neither Endurance nor Interstate raised any issue as to the adequacy of Gate's Amended Complaint, ECF No. 52, in their

[1] Of the District of Massachusetts, sitting by designation.

motions to dismiss (ECF Nos. 82 & 83) -- their concern was with various exclusions already addressed by this Court in its order of 5/27/2026, ECF No. 135. They proceed to answer. All parties could thus assume that as to these two insurers the pleadings were closed and the case was proceeding to the discovery and proof stages. It was only **after** they saw that other insurers had succeeded in challenging the adequacy of Gate's allegations of loss causation that they belatedly advanced the present motion for judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c). As a Rule 12(c) motion is one of the exceptions permitted under Rule 12(h)(2), it does not run afoul of the general prohibition of successive motions to dismiss.

To be fair to Gate, however, it shall have sixty days from the date of this order to propose a factually detailed amendment specifically alleging loss causation if it can do so in good faith. Absent such adequate proposed amendment, this joined motion under Fed. R. Civ. P. 12(c) shall be allowed.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

[2] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.